UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00013-GNS-HBB

**DONNA LACER**                                                                                    **PLAINTIFF**

**VS.**

**TOYOTA OF BOWLING GREEN**                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Donna Lacer to amend her complaint, DN 20. Defendant Toyota of Bowling Green has responded in opposition at DN 22 and Lacer has replied at DN 26.

### Nature of the Case

Lacer was employed as a Title Clerk for Toyota of Bowling Green for over ten years. During her employment she experienced several health issues for which she requested and received medical leave. She contends Toyota failed to inform her that her employment following leave was protected under the Family Medical Leave Act (FMLA). She further contends that following her most recent medical leave for eye surgery, she was laid off "because she had too many illness-related absences" (DN 1, p. 3). Because each of her prior medical absences were for treatment of a serious medical condition, Lacer asserts that Toyota's actions violated the FMLA, 29 U.S.C. § 2615.

### Lacer's Motion

Lacer styles her motion as one for leave to amend her complaint, however she recognizes that doing so will require an extension of the deadline established in the scheduling order and, as such, her motion is also one for amendment of the scheduling order.

Lacer's discovery in the case included the deposition of Toyota owner David Stumbo. Lacer believes his testimony constitutes an admission that, although she would otherwise be eligible for reinstatement, because of Lacer's lawsuit he is unwilling to consider reinstating her and this provides a basis upon which to add a claim of retaliation to her complaint.

The deadline established in the scheduling order for amendment of pleadings was August 1, 2018 (DN 8). Lacer's motion was filed on October 22, 2018, approximately three months after the deadline expired. Noting that she must demonstrate good cause for extension of the deadline, she argues that she only learned of the facts supporting the retaliation charge when she deposed Stumbo on September 26, 2018. She contends that Stumbo and supervisor Shirley Lee testified that Lacer could have returned to work after her layoff "when she got better" (DN 20-1, p. 2) and that this "was new information to [Lacer]" (Id. at p. 5). During this same deposition she characterizes Stumbo as testifying that he was no longer willing to allow her return to work because she had filed the lawsuit. Lacer contends that she filed the motion to amend her complaint soon after learning of the new information.

Lacer states that the amendment of the complaint will not prejudice Toyota as it will not generate any additional discovery in the case nor does it change the overall theory of her case as it is simply another aspect of her FMLA claim.

### Toyota's Response

Toyota mounts opposition to Lacer's motion on three fronts. First, Toyota argues that Lacer was dilatory in pursing discovery in the case and could have obtained Stumbo's testimony before the deadline to amend the pleadings expired. She contends that, although the complaint was filed on January 23, 2018 she did not propound written discovery until April 3, 2018 and it was not until July that she requested deposition dates in September or October.

Toyota's second argument is that "Plaintiff blatantly mischaracterizes the testimony of both Dave Stumbo and Shirley Lee in an effort to bolster he claim of retaliation" (DN 22, p. 3). In this regard, Toyota contends that Lacer has taken inconsistent and irreconcilable positions as to the facts. Thus, it appears Toyota argues that Lacer's amendment of the complaint would be a futility.

Toyota's final argument is that amendment of the complaint would be prejudicial due to the impending deadline for its expert witness disclosures.[1]

### Lacer's Reply

In reply, Lacer disputes Toyota's contention that she was dilatory in pursing discovery. She notes that the scheduling order was entered on March 29, 2018 and she submitted her first set of written discovery requests within two weeks. Once Toyota responded to the written discovery on May 3, Lacer's counsel wrote to Toyota's counsel within a few days requesting deposition dates. Lacer contends that, contrary to Toyota's assertion to the contrary, she was pursuing discovery in the case with reasonable diligence.

As to Toyota's argument that amendment would be futile, Lacer argues that the testimony does support her claim and, at this juncture in the case, must be accepted as true. Moreover, she

---

[1] Toyota also filed a motion for an extension of time in which to complete discovery in light of Lacer's pending motion (DN 21). The undersigned granted the motion and continued the deadline generally pending resolution of Lacer's motion (DN 25).

notes that any conflict in her theories of the case does not prevent her from advancing inconsistent theories, which are authorized under Fed. R. Civ. P. 8.

Lacer addresses Toyota's prejudice argument by noting that it had moved for an extension of the expert witness disclosure deadline and thereby demonstrated that any prejudice could thereby be remedied.

Discussion

Resolving Lacer's motion involves a two-part analysis. The first is whether the scheduling order should be amended to extend the deadline for her amendment of her compliant. Should she succeed in this step, the second inquiry is whether she should be permitted to amend her complaint.

A. Amendment of the scheduling order.

Once the scheduling order's deadline passes, a party "must first show good cause under Rule 16(b) for failure to earlier seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *See* Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); McLean v. Alere, Inc., No. 3:12-CV-566-DJH, 2015 WL 1638341, at *1 (W.D. Ky. April 13, 2015).

The Federal Rules of Civil Procedure commit to the district court's sound discretion whether to amend a pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). Specifically, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Sixth Circuit has indicated "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted); *see also*, Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003) (A court "may modify a scheduling order for good cause only if a deadline cannot reasonably be met despite the diligence of the party

seeking the extension."). This "good cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016) (quoting Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). "Another relevant consideration is possible prejudice to the party opposing the modification." Inge, 281 F.3d at 625 (citation omitted).

The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 479 (6th Cir. 2014). Thus, the movant who fails to show "good cause" will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice because of the modification of the scheduling order. Interstate Packaging Co. v. Century Indemnity Co., 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (citing Leary, 349 F.3d at 906, 909; Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 449 (6th Cir. 2010)).

Here, it appears that Lacer pursued discovery with reasonable diligence, but did not learn of the factual basis which might support an additional claim for retaliation until she took Stumbo's deposition. She moved to amend the complaint within a reasonable amount of time after acquiring the information. Other than the general prejudice inherent in defending an additional claim and the prospect for some further modification of the schedule, Toyota has not articulated a prejudice such that amendment of the scheduling order should be denied.

B.  <u>Amendment of the Complaint.</u>

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted "when justice so requires." In assessing the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." <u>Coe v. Bell</u>, 161 F.3d 320, 341 (6th Cir. 1998) (quoting <u>Brooks v. Celeste</u>, 39 F.3d 125, 130 (6th Cir. 1994)); *see also* <u>Colvin v. Caruso</u>, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.").

In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading could not withstand a Rule 12(b)(6) motion to dismiss. *See* <u>Demings v. Nationwide Life Ins. Co.</u>, 593 F.3d 486, 490 (6th Cir. 2010); <u>Kottmyer v. Maas</u>, 436 F.3d 684, 691-692 (6th Cir. 2006); <u>Rose v. Hartford Underwriters Ins. Co.</u>, 203 F.3d 417, 420 (6th Cir. 2000). "The test, therefore, is whether the proposed amended pleading, with all the factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment." <u>Cato v. Prelesnik</u>, No. 1:08-cv-1146, 2010 WL 707336, at *2 (W.D. Mich. Feb. 22, 2010) (citing <u>Rose</u>, 203 F.3d at 420-421); *see also* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009) (In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Additionally, a proposed amendment will not survive a Rule 12(b)(6) motion to dismiss if no law supports the claim made. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-328 (1989).

Toyota argues that Lacer misconstrues Stumbo's testimony. Toyota's argument thus goes to the factual merits of Lacer's proposed amended complaint. The question, however, is not whether the amended claim could survive a motion for summary judgment. The question is whether the amended complaint states a claim which could survive a motion to dismiss. The scope of inquiry for purposes of determining whether amendment of a complaint is futile is confined to an examination of the allegations set forth in the proposed amended complaint. "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion dismiss." Rose at 421. Lacer's tendered amended complaint makes a factual statement that she took qualified leave under the FMLA for a serious medical condition and that she suffered adverse employment action as a result. She further makes a factual assertion that "Toyota failed to recall Lacer from layoff because she filed a complaint alleging violations of the FMLA against Toyota" (DN 20-6, p. 4). It appears she has alleged a sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. As Lacer has noted, Rule 8(d)(3) allows a party to "state as many separate claims or defenses as it has, regardless of consistency."

**WHEREFORE**, Plaintiff's motion to amend her complaint, DN 20, is **GRANTED** and the **amended complaint tendered at DN 20-6 is herewith deemed filed of record**.

The parties are **directed to confer and submit an agreed amended scheduling order** revising the case schedule regarding the Defendant's expert witness disclosure deadline and any other deadlines the parties believe are impacted by this ruling. The parties are to tender the agreed amended scheduling order **by November 13, 2018**. Should the parties find themselves unable to agree on a revision to the scheduling order by that date, they are to contact Case Manager Kelly Lovell to schedule a telephonic conference.

Copies: Counsel